

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 18, 1961

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston 2, Texas

Dear Mr. Resweber:

Opinion No. WW-1203

Re: Method of the sale or
destruction of unclaimed
or abandoned property seized
by the Sheriff of Harris
County

You have requested an opinion from this office
covering the following questions:

"1. Does the Court have the authority to
enter an order on the request of the Sheriff
authorizing him to destroy the property seized
by him belonging to arrested persons or prisoners
placed in the County Jail, which property is
not being held as evidence to be used in any
pending case, and which has remained unclaimed
for a period of ninety (90) days?

"2. If a Court has the authority to enter
such an order, what court should or could enter
such an order?

"3. If some of the said property is capable
of being used for legal purposes, may the Judge
in his discretion enter an order and cause the
same to be delivered to the State, or any
political subdivision thereof, to be kept by it
for its own use and benefit? For instance, could
the Court order that pistols and guns be delivered
to Harris County to be used by the Sheriff's
Department?

"4. In the event the Sheriff desires to sell
property taken from and belonging to persons
arrested or prisoners placed in the County Jail,
what procedure should he follow?

"5. What procedure should or could the
Sheriff take in disposing of stolen property,
held by him, where the owners have failed to
claim it, and the names of such owners are un-
known to the Sheriff?"

As you point out House Bill No. 868, Acts 1953 of the 53rd Legislature, p. 929, ch. 388, covers the pertinent points of the questions asked. There follows the House Bill set out in full:

"An Act authorizing the Sheriff or Purchasing Agent of any county of the State of Texas to sell and dispose of any unclaimed or abandoned personal property, except whiskey, wine and beer, belonging to arrested persons or prisoners placed in the county jail; providing for notice of sale; providing for disposition of funds derived from sale and property unsold; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Sec. 1  That all unclaimed or abandoned personal property, except whiskey, wine and beer, of every kind, seized by the Sheriff of any county in the State of Texas, which is not held as evidence to be used in any pending case and has not been ordered destroyed or returned to the person entitled to possession of the same by any Justice of the Peace, County Judge or District Judge, which shall remain unclaimed for a period of ninety (90) days without being claimed or reclaimed by the owners, whether known or not, shall be delivered to the Purchasing Agent of the county for sale. If the county has no purchasing agent, the Sheriff of the County shall be authorized to sell the same.

"Sec. 2  Thirty (30) days notice of the time and place of sale and a descriptive list of the articles or property to be sold, with the names of the alleged owners if known, shall be posted in three (3) public places in the county where the sale is to be made and a copy thereof mailed to the person from whom the possession was taken, at his last known address.

"All money received from said sale shall be paid and delivered to the County Treasurer and credited to the General Fund for the use and benefit of the county. Any property remaining on hand for which no bids were received shall be disposed of in such manner as the Sheriff of said County shall deem advisable.

"Sec. 3  The fact that there is no provision of law for disposing of any unclaimed personal property

of arrested persons, and the further fact that there is a need for such law, create an emergency and imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended and such Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

We have copied House Bill No. 868 in full here because it is our belief that it is unconsitutional in that it attempts to deprive persons of their property without due process of law. The Texas Constitution provides, Article 1, Section 17:

"No person's property shall be taken, damaged or destroyed for or applied to public used without adequate compensation being made, unless by the consent of such person;...."

And Article 1, Section 19:

"No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

And the Fourteenth Amendment of the Federal Constitution:

"Nor shall any state deprive any person of life, liberty, or property without due process of law; ...."

An analysis of House Bill No. 868 shows that unclaimed or abandoned property "shall be delivered to the Purchasing Agent of the county for sale. If the county has no purchasing agent, the Sheriff of the County shall be authorized to sell the same."

Section 2 of the Act provides for a thirty day notice period. Nowhere in the Act is there any provision for any kind of a judicial determination of ownership or is the right of the true owner protected by any appeal or any right of redemption.

There can be no question but that the notice required in Section 2 is adequate so far as due process of law is concerned. However, before abandoned property can be used or sold for the benefit of the public certain other procedural due process steps must be complied with. It would seem that among these is a judicial determination of some type. If a

judicial determination is not provided for the requirements of due process have not been met and the title to the property has not passed to the state. The Supreme Court of the United States in <u>Anderson National Bank v. Luckett</u>, 321 U.S. 233, 64 S.Ct. 599, decided that a judicial determination at some step in the proceedings must be provided or constitutional due process has been violated. This was a case where the State of Kentucky had set up a statutory procedure which provided a detailed process for the taking over of accounts in banks unclaimed for long periods of time. The constitutionality of the act was attacked on the grounds that it was a deprivation of due process of law. The court held that it was constitutional because it provided for adequate notice and for an adequate appeal to the courts from an action of an administrative agency. The court used the following language:

> "For this reason also it is not an indispensable requirement of due process that every procedure affecting the ownership or disposition of property be exclusively by judicial proceeding. Statutory proceedings affecting property rights, <u>which by later resort to the courts</u>, secure to adverse parties an opportunity to be heard, suitable to the occasion, do not deny due process. Familiar examples are the decisions and orders of administrative agencies which determine rights subject to a subsequent judicial review...." (Emphasis added)

Inasmuch as House Bill No. 388 affords no opportunity for a judicial hearing either directly or by review it is an attempt by the Legislature to deprive persons of their property without due process of law and is therefore an unconstitutional enactment. We are aware of no other statute authorizing a court to divest title to property under the circumstances set out. We therefore answer your question number one in the negative. This means that no answer is required to question number two. Question number three must be answered in the negative also. Question number four can be answered only by stating that the sheriff must hold the property until the Legislature properly provides for its disposal or sale.

For similar reasons Article 938, Vernon's Code of Criminal Procedure, would be a denial of due process of law and therefore unconstitutional. It provides:

of illegally acquiring it, the sheriff shall sell
it for cash, after advertising for ten days as
under execution. The proceeds of such sale, after
deducting all expenses of keeping such property
and costs of sale, shall be paid into the treasury
of the county where the defendant was convicted.
Money stolen shall be paid into the county
treasury if not claimed by the proper owner within
six months."

It can be seen once again that although Article 938 provides
sufficient notice there is no provision for a judicial hear-
ing. The redemption right set out in 939 does not save the
statute because it provides that the owner must sue to recover
the property after title has already vested in the county and
the proceeds from the sale of the property placed in the
county treasury. The answer to question number five therefore
is that no constitutional provision has been provided for the
sale of unclaimed stolen property.

### S U M M A R Y

House Bill No. 868a, Acts 1953, 53rd Legis-
lature, p. 929, ch. 388 (Article 332a Code of
Criminal Procedure) is unconstitutional because
it attempts to provide for the disposal of
abandoned property without affording due process
of law. Further Article 938 of the Code of
Criminal Procedure is likewise unconstitutional
for the same reason.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
Norman V. Suarez
Assistant Attorney General

NVS:sh

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Henry Braswell
Martin DeStefano
Colman Gay
Iola Wilcox

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.